IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:10-CV-449-MOC-DCK

| LORI COBB-LEONARD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Judgment On The Pleadings" (Document No. 15) and "Defendant's Motion For Summary Judgment" (Document No. 17). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Judgment On The Pleadings" be denied; that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter remanded.

## I. BACKGROUND

Plaintiff Lori Cobb-Leonard ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On June 15, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.,* alleging an inability to work due to a disabling condition beginning August 15, 2001. (Transcript of the Record of Proceedings ("Tr.") 9). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on September 12, 2007, and again after

reconsideration on December 17, 2007. (Tr. 9, 46-51, 56-63). Plaintiff filed a timely written request for a hearing on December 27, 2007. (Tr. 9, 64-65).

On August 13, 2009, Plaintiff appeared and testified at a hearing before Administrative Law Judge Juan C. Marrero ("ALJ"). (Tr. 9, 19-49). On September 14, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 6-18). Plaintiff filed a request for review of the ALJ's decision on September 24, 2009, which was denied by the Appeals Council on July 9, 2010. (Tr. 1-5). The September 14, 2009 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 13, 2010. (Document No. 1). "Plaintiff's Motion For Judgment On The Pleadings" (Document No. 15) and "...Memorandum Of Law" (Document No. 16), were filed June 9, 2011; and "Defendant's Motion For Summary Judgment" (Document No. 17) and "Memorandum In Support Of Motion For Summary Judgment" (Document No. 18), were filed July 26, 2011. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Max O. Cogburn, Jr. is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

2

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 15, 2001, and Plaintiff's date last insured .[1] (Tr. 9). To establish entitlement to benefits, Plaintiff has the burden of proving that

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

3

she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from August 15, 2001, the alleged onset date, through December 31, 2005, the date last insured. (Tr. 17-18).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was <u>not</u> disabled. (Tr. 17).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since August 15, 2001, her alleged disability onset date. (Tr. 11). At the second step, the ALJ found that Plaintiff's low back pain with radiation to the left leg and carpal tunnel syndrome

4

were severe impairments. (Tr. 11).² At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 12).

Next, the ALJ assessed Plaintiff's RFC and found that through the date last insured she retained the capacity to perform medium work activity, with the following limitations:

> limited to frequent fingering and handling up to a three to four step operation with only occasional exposure to the public.

(Tr. 12). In making his finding, the ALJ considered the objective medical evidence, the Plaintiff's subjective complaints, and the opinions of treating, examining, and non-examining physicians. (Tr. 17).

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work as an automobile accessories installer (DOT # 806.684-038), and as a truck driver (DOT # 905.663-01146.683.022). (Tr. 17). Therefore, because "she could return to her past relevant work," the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 15, 2001, and the date last insured. Id.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly consider the previous determination by the Veteran's Administration that Plaintiff was disabled; (2) the ALJ failed to find "several additional severe impairments;" and (3) the ALJ failed to "fully and fairly develop the record." (Document No. 16). The undersigned will discuss each of these contentions in turn.

---

² The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

## A. Veteran's Administration Determination

In her first assignment of error, Plaintiff argues that the ALJ failed to give any weight to the Veteran's Administration's ("VA") decision that she "is totally and permanently disabled and unable to work." (Document No. 16, pp.3-5). Plaintiff points the Court to relevant authority addressing the consideration to be given to the opinions of other governmental and nongovernmental agencies regarding a claimant's disability. (Document No. 16, p.4).

> Under sections 221 and 1633 of the Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 4 04.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

SSR 06-03P, 2006 WL 2329939 at *6; see also, (Document No. 16, p.4).

Plaintiff suggests that the ALJ's explanation for failing to adopt the VA's disability determination – "that the VA and Social Security determinations are based on different factors" – is insufficient. (Document No. 16, p.4). Plaintiff seems to argue that the VA's disability determination should be entitled to "great weight." (Document No. 16, p.4) (citing McCartey v. Massanari, 298 F.3d 1072 (9th Cir. 2002).

The undersigned notes that although there is agreement among the Circuit Courts of Appeal that a VA disability rating should not be disregarded, the Circuits do not appear to agree on the

6

amount of weight to be given a VA determination. McCartey v. Massanari, 298 F.3d 1072, 1075-76 (9th Cir. 2002). The law is clear that the VA disability determination is not binding on the Social Security Administration. 20 CFR § 404.1504

Defendant contends that the ALJ properly considered the VA's disability determination, and moreover, "considered the evidence upon which the VA's determination was based, primarily Plaintiff's medical records from the Durham VA Medical Center." (Document No. 18, pp.3-5) (citing Tr. 12-17, 171-439). Defendant thus concludes that the ALJ adequately accounted for the VA's determination in his decision. (Document No. 18, p.5). The undersigned agrees.

Here, the ALJ not only *considered* the VA's determination, but gave that determination significant attention in his decision:

> The undersigned is mindful that the claimant is receiving Veteran's Administration benefits based upon a diagnosis of somatoform pain disorder with chronic neck and low back pain. It is advocated by the claimant that the VA determination is controlling in this case, as a kind of *collateral estoppel* or *res judicata*. There is, however, a difference between the diagnosis of a condition and the severity of the condition itself. The Veteran's Administration is an agency of the government which operates under rules, guidelines, standards and philosophies different than those of the Social Security Administration and has different goals. Unless there is an identity of person, issues, laws, standards, rules and regulations, it would be improper for one agency to rubber-stamp the decisions of another agency. The ultimate questions in any Social Security disability case are the individual's residual functional capacity and whether, considering the residual functional capacity, the person is capable of engaging in substantial gainful activity. The issues presented in a VA case are: what is the diagnosis and where on the payment schedule does the person fit. The VA decisional process, applied to the issues involved in this social security case, cannot be controlling. At best, the VA decision is probative of the propositions that there is some evidence of a condition and some evidence that the condition has more than a minimal impact on a person's ability to function. (These are steps one and two in the Social Security sequential evaluation.)

> From that point, the analysis of the issues between the two cases
> follows different paths and can result in different outcomes.

(Tr. 16). The ALJ then determined "that through the date last insured, the claimant had the residual functional capacity to perform medium work, albeit with the above limitations. (Tr. 17).

Based on the foregoing, the undersigned is satisfied that the ALJ considered the VA's decision, and does not find that Plaintiff has shown reversible error associated with this issue.

**B.  Severe Impairments**

Next, Plaintiff contends that the ALJ erred by not finding that Plaintiff "has several additional severe impairments." (Document No. 16, pp.5-6). Specifically, Plaintiff asserts that the ALJ did not make any determination regarding the severity of her obesity or chronic pain syndrome, and suggests that the ALJ erred in finding that her somatoform disorder was not a severe impairment. (Document No. 16, p.6). As noted above, the ALJ did find Plaintiff's low back pain and carpal tunnel syndrome to be severe impairments. (Tr. 11).

In response, Defendant argues that even though Plaintiff was diagnosed with obesity, psychogenic muscle pain, somatoform disorder and chronic pain, a "mere diagnosis says nothing about the severity of the condition." (Document No. 18, p.6) (citing Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987) (citing 20 C.F.R. § 416.925 (c)-(d))). Defendant notes that [b]y definition, a severe impairment is one which significantly limits an individual's ability to perform basic work activities." (Document No. 18, pp.5-6) (citing 20 C.F.R. § 404.1520(c)). Defendant argues that the burden of production and persuasion at step two is on Plaintiff, and that here, Plaintiff has failed to meet that burden. (Document No. 18, p.6) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) ("Through the fourth step, the burden of production and proof is on the

8

claimant"). Defendant contends that Plaintiff's memorandum "provides no support whatsoever for her position that obesity, psychogenic muscle pain, somatoform disorder, and chronic pain should have been classified as severe impairments." Id.

Defendant goes on to argue that the ALJ properly considered all of Plaintiff's impairments, both severe and non-severe, in making the RFC determination. Id. In short, Defendant asserts that neither Plaintiff's argument, nor the record, support a finding that the alleged severe impairments affected Plaintiff's ability to perform basic work activities during the relevant time period.

The undersigned also finds Defendant's arguments on this issue persuasive, and therefore, is not convinced that the ALJ erred by failing to identify additional severe impairments in his decision.

### C. The Record

Finally, Plaintiff argues that the ALJ failed in his duty to fully and fairly develop the record. (Document No. 16, pp.6-8). Plaintiff contends that an ALJ's failure to "fully inquire into the issues necessary for adequate development of the record" is cause for remand. Id. (quoting Marsh v. Harris, 632 F.2d 296 (4th Cir. 1980); and citing Walker v. Harris, 642 F.2d 712 (4th Cir. 1981) ("Recent cases in this circuit firmly establish that, even though the record as it is presented to the court may contain substantial evidence to support the Secretary's decision, the court may still exercise its power to remand for the taking of additional evidence.")). Most specifically, Plaintiff asserts that "[a]t no point during the hearing did the ALJ question Ms. Cobb-Leonard about her symptoms, her daily activities or even her ability to work." (Document No. 16, p.7).

Defendant responds that the ALJ did adequately develop the record by questioning Plaintiff about her symptoms and activities of daily living. (Document No. 18, p.9). Moreover, Defendant

9

argues that Plaintiff was represented by counsel and still failed to inform the ALJ of additional evidence or testimony she wished to present. Id.

First, the undersigned notes that contrary to Defendant's argument, Plaintiff was not represented by an attorney at the hearing, although she was represented by Brandon Ashburn, a non-attorney representative. (Tr. 9, 65). The Fourth Circuit has held that

> when a claimant appears without the assistance of counsel . . . the ALJ should "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38, 43 (2nd Cir. 1972), being "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Rosa v. Weinberger, 381 F.Supp. 377, 381 (E.D.N.Y.1974).

Marsh, 632 F.2d at 299.

Next, the undersigned observes that the ALJ's decision references consideration of the Plaintiff's daily activities in at least two places, but other than stating that Plaintiff "testified that she lives with her two children and a 13 year old niece," offers little discussion of those daily activities, and no discussion of their impact on his decision. (Tr. 12-13, 16). Defendant refutes the assertion that the ALJ did not adequately develop the record in part by citing Plaintiff's testimony regarding her ability to drive a car and to care for her niece. (Document No. 18, p.8). However, when questioned at the hearing about caring for her niece, Plaintiff actually testified that her niece took care of her; including bringing her stuff, doing her hair, and taking notes for her. (Tr. 29-30). The transcript does not reveal testimony regarding Plaintiff's care of her niece.

Furthermore, although the ALJ did question Plaintiff about her ability to drive, the undersigned finds Plaintiff's response to be inconsistent with the ALJ's ultimate conclusion that

Plaintiff could return to her past relevant work as a long distance, "big rig" truck driver. (Tr. 39). Plaintiff testified that she had continued to drive off and on, when she felt like she could, but that she does not trust herself and does not "want to go on the highway and hurt somebody nor myself."[3] (Tr. 32). She further testified that she does not drive her niece anywhere. Id.

In this instance, the undersigned finds Plaintiff's argument for remand compelling. The ALJ's inquiry into Plaintiff's activities of daily living was cursory at best. Moreover, to the extent Defendant now cites the ALJ's inquiry into Plaintiff's ability to drive as support for the ALJ's decision, the undersigned finds that the evidence actually favors a different result. Plaintiff's testimony regarding her comfort with driving, coupled with medical evidence of difficulties with her hands and eyes, including blackouts, indicates that substantial evidence does not support a conclusion that Plaintiff could return to long distance truck driving. (Tr. 13, 31). The ALJ recognized Plaintiff's difficulties with her hands and eyes during the relevant time period; however, the undersigned has not found any discussion or evidence that reconciles these medical concerns with a finding that Plaintiff could have returned to long distance truck driving. (Tr. 13-14).

The undersigned expresses no opinion on the conclusion that Plaintiff could return to her past relevant work as an automobile accessories installer; but as described above, it appears that Plaintiff has raised legitimate concerns as to whether the record here was fully developed, and whether substantial evidence supports the ALJ's decision. Based on these concerns, the undersigned finds that further review of this matter is appropriate.

---

[3] The undersigned assumes the question and answer related to driving an automobile, not a truck.

## IV. CONCLUSION

The undersigned finds that there is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that this matter be remanded for further review of whether substantial evidence supports a finding that Plaintiff can return to her past relevant work, or that she can make an adjustment to other work.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Judgment On The Pleadings" (Document No. 15) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 17) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter **REMANDED** for reconsideration of the record and a new hearing.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Max O. Cogburn, Jr..

**IT IS SO RECOMMENDED**.

Signed: September 8, 2011

David C. Keesler
United States Magistrate Judge